IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.  1:14-cv-918-WKW |
| ) | [wo] |
| NEIGHBORHOOD RESTAURANT ) | |
| PARTNERS FLORIDA TWO, LLC, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), the petition for attorney's fees (Doc. 25, filed 10/20/15) was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 29, entered November 17, 2015).  The motion is briefed, fully submitted, and ripe for review.  For good cause shown, the Magistrate Judge recommends that the motion be **GRANTED in part** and **DENIED in part** as further discussed below.

### I. BACKGROUND

On September 3, 2014 Plaintiff filed her complaint alleging unlawful discriminatory retaliation for her participation in a separate sexual harassment claim.  She alleged the retaliation was in violation of Title VII of the Civil Rights of 1984, 42 U.S.C. § 2000e-5 (hereinafter "Title VII").  On September 15, 2015, Defendant submitted an Offer of Judgment which Plaintiff accepted and filed with the Court on September 29, 2015.  *See* Doc. 21.  On September 30, 2015, the Clerk of Court entered judgment for the Plaintiff and against the Defendant for "the aggregate total aggregate amount of $5,000.00, inclusive of all damages of any kind or nature, including compensatory damages, statutory damages, and interest; and reasonable attorney's fees

and costs then accrued as determined by the Court." The language was pulled directly from the offer of judgment except with the omission of a "(i)" and "(2)." *See* Doc. 22.

On October 20, 2015, Plaintiff filed a petition for attorney's fees, expense, and costs. *See* Doc. 25. Plaintiff requests a total of $18,185.07 for fees and expenses. *Id*. at p. 3. Defendant opposes the award of attorney's fees asserting that the Offer of Judgment precludes them and the $5,000.00 Offer of Judgment included attorney's fees. *See* Doc. 27 at p. 2. Alternatively, Defendant argues that even if the Court awards attorney's fees, the amount is unreasonable and should be reduced to $5,412.90. *Id*. Plaintiff submitted a reply on November 12, 2015 and the motion became fully submitted on that date. The Court finds no need for oral argument on the matter.

## II. DISCUSSION AND ANALYSIS

**A.     Whether the Offer of Judgment precludes a separate award of attorney's fees/costs**

Though not specifically addressed in the Defendant's opposition to the award of attorney's fees, it is clear from the Judgment that Plaintiff is the prevailing party. Judgment was entered in favor of the Plaintiff and against the Defendant. *See* Doc. 22. Defendant, in opposing any award of attorney's fees, asserts the $5,000.00 offer of judgment encompassed the attorney's fees and expenses. Defendant states "attorneys' fees and costs should not be considered because it is explicitly precluded by the terms of the Offer of Judgment." *See* Doc. 27 at p. 3. The relevant portion of the Offer of Judgment states as follows:

> Pursuant to Federal Rule of Civil Procedure 68, Defendant Neighborhood Restaurant Partners Florida Two, LLC, d/b/a Applebee's ("Defendant" or "NRP") hereby offers to allow judgment to be taken against it by Plaintiff Michelle Smith ("Plaintiff" or "Smith") on her claim asserted in Count I of the Complaint [D.E.1], (i) in the total aggregate amount of $5,000.00, inclusive of all damages of any kind or nature including compensatory damages, statutory damages, and interest; and (2) reasonable attorneys' fees and costs then accrued as determined by the Court."

*See* Doc. 21, Atch 1 at p. 1, ¶1.

"Principles governing general contract law apply to interpret settlement agreements." *Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000). Whether to apply state or federal contract law it somewhat of an unresolved issue. Some Courts have applied federal common law in interpreting settlement agreements involving federal claims. *See, e.g. Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981) ("[For cases dealing] with the operation of a Congressional statutory scheme, the federal courts are competent to determine whether a settlement exists without resort to state law. ... Creation of a federal rule rather than absorption of a state rule is appropriate where ... the rights of the litigants and the operative legal policies derive from a federal source.") (citations omitted). While other Courts have applied state contract law in interpreting enforcement of settlement agreements even when the claims derive from federal statutes. *See, e.g., Resnick*, 227 F.3d at 1350 (applying Florida law when construing a settlement under the Americans with Disabilities Act); *Hayes v. National Serv. Indus.*, 196 F.3d 1252, 1253 (11th Cir. 1999) (applying Georgia law in a Title VII settlement agreement). In the case at hand, much like the two Eleventh Circuit cases (by which this Court is bound), the Court applies Alabama state law.

"Under general Alabama rules of contract interpretation, the intent of the contracting parties is discerned from the whole of the contract." *Homes of Legend, Inc. v. McColough*, 776 So.2d 741, 746 (Ala. 2000) (citing *Loerch v. Nat'l Bank of Commerce of Birmingham*, 624 So. 2d 552, 553 (Ala. 1993)). Unless there is indication the terms are used in a special or technical sense, they will be given their "ordinary, plain, and natural meaning." *Id*. (citation omitted). If the terms are unambiguous, then the court will enforce the contract as written. *Id.* If the terms are ambiguous (susceptible of more than one reasonable meaning), then the court must use

established rules of contract construction. *Id*. "Last, if all other rules of contract construction fail to resolve the ambiguity, then, under the rule of *contra proferentem*, any ambiguity must be construed against the drafter of the contract." *Id*.

The Court finds the Offer of Judgment to be clear and unambiguous. The settlement is broken into two subparts. The first part listed as "(i) in the total aggregate amount of $5,000.00, inclusive of all damages of any kind or nature, including compensatory damages, statutory damages, and interest;" is clear that all <u>damages</u> are encompassed by the $5,000.00. Damages are specifically separated from the next section which states "and (2) reasonable attorneys' fees and costs then accrued as determined by the Court." These two separate and distinct clauses indicate the settlement has 2 parts – damages and attorney's fees. Damages are clearly covered by part 1 (the $5,000.00 settlement) and attorneys' fees and costs are clearly covered by part 2 (to be determined by the Court). The plain language of the entire Offer of Judgment when read patently establishes that when read as a whole, the Court would be the ultimate decider on what constitutes reasonable attorneys' fees and costs. The Court finds it somewhat incredulous that Defense attempts to argue otherwise.

Even if the two clauses were not clear, basic contract construction works against the Defendant and *contra proferentem* is construed against the drafter – in this case the Defendant. In short, Defendant is simply wrong. Attorney's fees were not encompassed by the $5,000.00. Even if that is not what the client intended, Alabama law is also clear that "an attorney has authority to bind his client, in any action or proceeding, by any agreement in relation to such case, made in writing, or by an entry to be made on the minutes of the court." Ala. Code § 34-3-21. Thus, the Court finds the accepted Offer of Settlement binding and determines Plaintiff is entitled to attorneys' fees and costs.

**B.     Reasonable Attorney's Fees & Costs**

As the Court has determined the Plaintiff is entitled to attorney's fees and costs, the Court turns to whether the requested amount of $18,185.07 is reasonable and appropriate. In evaluating a request for attorneys' fees, the Court applies the "lodestar" method. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). The "lodestar" is found by "multiply[ing] the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." *Neptune Designs*, 469 F.3d at 1359. The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). To satisfy this burden, the fee applicant shall supply to the court: (1) specific and detailed evidence from which it can determine the reasonable hourly rate for the community and (2) records evidencing time spent on different claims and setting out with sufficient particularity the general subject matter of the time expenditures so that the court can assess the time claimed for each activity. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

After determining the lodestar, the court then addresses whether the award should be adjusted upwards or downwards. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565-66, 106 S. Ct. 3088, 3098-99, 92 L. Ed. 2d 439 (1986); *Neptune Designs*, 469 F.3d at 1359. In conducting this inquiry, the court is guided by the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *See also Hensley*, 461 U.S. at 429-30, 103 S. Ct. at 1937-38 (endorsing the *Johnson* factors). These

---

[1]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

twelve factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n. 3, 103 S. Ct. at 1937 n. 3; *Johnson*, 488 F.2d at 717-19. Finally, when awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

Plaintiff's counsel seeks the following fee award:

| **Attorney/Paralegal** | **Hours** | **Rate**[2] | **Total** |
|---|---|---|---|
| Trueblood (Attorney) | 58.1 | $300.00 | $17,430.00 |
| Jackson (Paralegal) | 0.4 | $90.00 | $36.00 |
| Hughes (Paralegal) | 0.7 | $90.00 | $63.00 |
| Allen (Paralegal) | 0.5 | $90.00 | $45.00 |
| Court Costs[3] | n/a | n/a | $555.07 |
| **Total** | | | **$18,129.07** |

    **i.**    **Reasonable hourly rates**

Plaintiff's counsel seeks $300.00 per hour for her rate as lead counsel and $90.00 per

---

[2] Plaintiff originally requested a rate of $125.00 per hour for the three paralegals. *See* Doc. 25 generally. However, in her reply brief, she amended the rate and requests $90.00 per hour. *See* Doc. 28, p. 12. Thus, the chart already reflects plaintiff's adjusted paralegal rate.
[3] Though costs are listed here, they shall be addressed in Section C of this opinion.

hour for paralegal time.  Defense opposes the rate and states the attorney rate should be $150.00 per hour and the paralegal rate $60.00 per hour.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.3d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S. Ct. 1541, 1547 n. 11, 79 L. Ed. 2d 891 (1984).  The Court has reviewed the evidentiary submissions of the Plaintiff with regard to the appropriate rate and considered the arguments made both by Plaintiff and Defendant.

Plaintiff submitted two affidavits from other attorney's who practice in Dothan, Alabama who conclude and opine Plaintiff's rate of $300.00 is appropriate for her experience and the local area.  Despite Defendant's statement that Plaintiff "fails to provide any evidence that $300.00 is a reasonable hourly rate in Dothan, Alabama," the court does find that this is *some* evidence for the Court's consideration.  Nonetheless, the Court is not wholly persuaded by the affidavits as they are somewhat conclusory in nature.  Although opinion testimony can satisfy the plaintiff's burden to prove reasonable hourly rates, "where there is a lack of documentation, a district court may make an independent judgment based on its own experience and knowledge concerning the rates charges by lawyers of similar skill in similar lawsuits in the same market area."  *Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1254 (M.D. Ala. 2000) (DeMent, J.).

"In the Middle District of Alabama, skilled lawyers with twenty years or more experience may expect to receive $300 an hour, lawyers with ten years or more experience may receive between $200 and $250 an hour, and associates may expect to receive $150-185 an hour.  In the Middle District of Alabama, paralegals may expect to receive between $50 and $85 an hour." *Weekes-Walker v. Macon County Greyhound Park, Inc.*, 31 F.Supp.3d 1354, 1360 (M.D. Ala.

2014) (Fuller, J.) (citations omitted); *see also Alfa Corp. v. Alfa Mortgage, Inc.*, 560 F. Supp. 2d 1166, 1180 (M.D. Ala. 2008) (Watkins, J.); *Simpleville Music v. Mizell*, 511 F. Supp. 2d 1158, 1163 (M.D. Ala. 2007) (Thompson, J.); *Gaylor v. Comal Credit Union*, Civ. Act. No. 2:10-cv-725-MHT, 2012 U.S. Dis. LEXIS 75972, 2012 WL 1987183 (M.D. Ala. 2012) (Thompson, J.) (using same fee structure).

While findings of other courts with regard to attorney's fees (even those within this same district) are not binding, the undersigned does find, in the Court's experience, the above statement regarding rates to be accurate within this district. When looking to the rates requested by Plaintiff's counsel, the Court does find that they merit some reduction, but certainly not to the extent Defendant seeks. Defendant takes great pains to show Plaintiff's counsel has been reduced to $150.00 in the past, yet their comparators are from 5-10 years ago. It is obvious to the Court that Plaintiff's counsel has gained yet more experience and prominence over the last several years. She is now an attorney with fifteen (15) years of experience. As such, she merits a higher rate than those occasions when she was a junior associate. As such, the Court finds that a rate of $250.00 per hour appropriate for this case. With regard to paralegal, the Court finds that the rate of $85.00 to be appropriate.

Therefore, the rates are adjusted to reflect the following rates:

| Attorney/Paralegal | Hours | Rate | Total |
| --- | --- | --- | --- |
| Trueblood (Attorney) | 58.1 | $250.00 | $14,525.00 |
| Jackson (Paralegal) | 0.4 | $85.00 | $34.00 |
| Hughes (Paralegal) | 0.7 | $85.00 | $59.50 |
| Allen (Paralegal) | 0.5 | $85.00 | $42.50 |
| Court Costs | n/a | n/a | $555.07 |

| TOTAL | | | $15,216.07 |
|---|---|---|---|

### ii. Reasonable hours

Having determined the reasonably hourly rates for the services provided in the case, the Court now must address the number of hours reasonably expended on the matter. Defendant argues that the 13.1 hours submitted for the motion for attorney's fee should be deducted because they are beyond the "reasonable attorneys' fees and costs *then accrued* as determined by the Court." Plaintiff's counsel cites a number of cases which argue attorney's fees are recoverable in the context of such litigation – especially when challenged.

The Court finds Defendant's argument to be completely contrary to its prior argument that no attorneys fees should be awarded because the Offer of Judgment precludes it. The Court finds it untenable that Defendant would argue both sides of the issue using the same contractual construction language. Originally Defendant argued the Offer of Judgment precluded attorney's fees and yet using the same "plain meaning" argument, they now argue the language means "then accrued." However, despite the inconsistency of Defense's argument, the Court does agree that the Offer of Judgment states "then accrued" which precludes the original Motion for Attorney's Fee's billing. Thus, the Court will deduct the 13.1 hours as they pertain to the original motion.

However, the Court does find that because Defendant took such an unreasonable position on the attorney's fee issue that Plaintiff is entitled to recover attorney's fees for the time spent litigating this motion after Defendant's response. *See, e.g., Lee v. Krystal Co.*, 918 F.Supp.2d 1261, 1268-69 (S.D. Ala. 2013) ("Given Krystal's 'contest-everything' approach to the fee petition, plaintiff cannot be faulted for incurring substantial fees to develop, flesh out, and bolster

her fee petition against defendant's withering attacks.  Another way to put it is this: If a defendant chooses to argue tooth and nail about numerous facets of an attorney's fee petition, then it is reasonable for the plaintiff to expend the necessary time to defend its petition."); *see also Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990) ("It is well settled that time expended litigating attorney fees is fully compensable.").

In sum, based upon the language of the Offer of Judgment, the Court does find that originally any additional attorney's fees after acceptance of the Offer would have been precluded.  Defendant took an unreasonable position in litigating attorney's fees, thus the Court find Plaintiff merits compensation for the time spent on her reply brief.  The Court finds that 7 hours would be an appropriate amount of time on the 22-page brief.  Therefore, the rates are further adjusted to reflect the following:

| Attorney/Paralegal | Hours | Rate | Total |
| --- | --- | --- | --- |
| Trueblood (Attorney) | 52.0 | $250.00 | $13,000.00 |
| Jackson (Paralegal) | 0.4 | $85.00 | $34.00 |
| Hughes (Paralegal) | 0.7 | $85.00 | $59.50 |
| Allen (Paralegal) | 0.5 | $85.00 | $42.50 |
| Court Costs | n/a | n/a | $555.07 |
| **TOTAL** | | | **$13,691.07** |

### iii.     Adjustment to Lodestar Amount

Computer of the lodestar amount does not necessarily terminate the fee analysis.  After determining the lodestar amount, "the court must next consider the necessity of an adjustment for results obtained."  *Norman*, 836 F.2d at 1302.  The Court generally uses the *Johnson* factors in

determining whether an increase or decrease is appropriate.  As Plaintiff prevailed and given Defendant's propensity for taking a "scorched earth" approach, the Court finds no grounds to further reduce the lodestar calculation.

### C.     Costs and Expenses

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs…should be allowed to the prevailing party." However, "[f]ee applicants bear the burden of providing sufficient detail in their records to explain and support their requests for fees and costs."  *Lee*, 918 F.Supp.2d at 1275 (quoting *Andrade v. Aerotek, Inc.*, 852 F.Supp.2d 637, 645 (D. Md. 2012)).  "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988."  *See Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983).  To determine which expenses may properly be included, the court must look to "the attorney-client relationship, the substantive and procedural nature of the case, and the climate in which the litigation is conducted."  *Id*.  When reviewing costs and expenses, "the standard for reasonableness is to be given a liberal interpretation."  *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987).

Defendant contends that Plaintiff has claimed cost which are not recoverable, relying on cases applying 28 U.S.C. § 1920 to claimed costs.  Specifically, they identify postage, mediation materials, internal printing/binder.  However, such expenses may be allowable under 42 U.S.C. § 1988. *See Dowdell*, 698 F.2d at 1191-92 (noting that "[t]ravel, telephone, and postage expenses are not unusual. All of them have been awarded in the decisions of courts of this circuit."); *see also Barnes*, 168 F.3d at 438 ("With the exception of routine office overhead normally absorbed

by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988.") (quoting *Dowdell*); *Weatherly v. Ala. State Univ.*, Civ. Act. No. 2:10-cv-192, 2013 U.S. Dist. LEXIS 165549, *44-45, 2013 WL 614315, *16 (M.D. Ala. Nov. 21, 2013) (Albritton, J.) (explaining difference in expense recovery under § 1920 and § 1988); *Oden v. Vilsack*, Civ. Act. No. 10-00212-KD-M, 2013 U.S. Dist. LEXIS 112464, 2013 WL 4046456, at *19, *20 (S.D. Ala. Aug. 9, 2013) (awarding expenses for lodging and meals).

Plaintiff seeks an award of costs and expenses in the amount of $555.07 which are broken down as follows: postage/shipping, filing fee, copying/printing, scans, and office supplies. The Court finds that the majority of these expenses are not general overhead, but can be awarded as expenses if reasonable. The Court further finds that the majority of the expenses are reasonable. However, the Court does line out the following expenses.

| Date | TrNo | Description | Amount |
|---|---|---|---|
| 8/6/13 | 642974 | SCAN | $0.30 |
| 3/21/14 | 695520 | SCAN | $0.10 |
| 3/21/14 | 695547 | SCAN | $0.10 |
| 6/9/14 | 712007 | SCAN | $0.40 |
| 9/22/14 | 733790 | Federal Express Shipping | $14.97 |
| 2/27/15 | 762993 | 1" Binder | $9.00 |
| 2/24/15 | 762991 | Tabs | $7.50 |
| 8/18/15 | 794336 | 1" Binder | $18.00 |
| | | | |
| | | **Total** | **$50.37** |

With regard to the reduction of the scanning, the Plaintiff has failed to show how scanning has incurred any specific expense in this case. The Court does also find that while a plaintiff may generally charge for some materials/office supplies, the Court finds that the rates listed by the Plaintiff are unreasonable. Plaintiff states in her reply brief that "the one inch binder submitted

by the Plaintiff was used to contain and organize discovery material in this matter." *See* Doc. 28, p. 21 n. 9.   However, multiple one inch binders were listed plus the Court finds the cost attached to the binder and tabs are unreasonable.  Therefore, the $9.00, $7.50, and $18.00 amounts are stricken.  Finally, with regard to the $14.97 Federal Express Shipping, the Court was unable to correlate this particular item with the specifics of this case.  The other $14.97 Federal Express Shipping on 9/2/14 (TrNo. 732022) was clearly related to the filing of the complaint in this case.  The other amount cannot be associated or accounted with this case based on what Plaintiff has submitted and on its face appears to be a duplicative entry.  Therefore, it also stricken.

Based on the above, the Court finds that expenses in the amount of $504.70 are appropriate.

### III. CONCLUSION

Based on the analysis above, it is the **RECOMMENDATION** of the Magistrate Judge that the petition for attorney's fees (Doc. 25) be **GRANTED in part** and **DENIED in part**. The motion should be granted to the extent the undersigned finds the following amounts reasonable:

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Trueblood (Attorney) | 52.0 | $250.00 | $13,000.00 |
| Jackson (Paralegal) | 0.4 | $85.00 | $34.00 |
| Hughes (Paralegal) | 0.7 | $85.00 | $59.50 |
| Allen (Paralegal) | 0.5 | $85.00 | $42.50 |
| Court Costs | n/a | n/a | $504.70 |
| **TOTAL** | | | **$13,640.70** |

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 11, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 28th day of March, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE